IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**RICKY ASHLEY**                                                                                       **PLAINTIFF**

**v.**                        **Case No. 4:20-cv-00727-KGB**

**BRETT KAVANAUGH, United**                                                              **DEFENDANT**
**States Supreme Court Justice**

## ORDER

Plaintiff Ricky Ashley, currently incarcerated at the Maximum Security Unit of the Arkansas Department of Corrections, filed a *pro se* complaint on June 8, 2020, alleging that United States Supreme Court Justice Brett Kavanaugh violated his federally protected rights (Dkt. No. 2). Mr. Ashley's motion to proceed *in forma pauperis* is before the Court (Dkt. No. 1).

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g). Prior to filing this lawsuit on June 8, 2020, Mr. Ashley filed at least three actions that were dismissed for failing to state a claim upon which relief may be granted.  *See Ashley v. Moody*, Case No. 4:18-cv-00482 (E.D. Ark.) (dismissed July 27, 2018); *Ashley v. Moody, et al.*, Case No. 4:18-cv-00497 (E.D. Ark.) (dismissed Aug. 29, 2018) (Dkt. No. 3 and cases cited therein); and *Ashley v. Moody, et al.*, Case No. 4:18-cv-00498 (E.D. Ark.) (dismissed Dec. 27, 2018) (Dkt. No. 3 and cases cited therein).

Nevertheless, Mr. Ashley may proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule.  *See* 28 U.S.C. § 1915(g) (providing that three strikers

should be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"); *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (explaining that the exception applies only if the prisoner is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient").

Mr. Ashley sued United States Supreme Court Justice Brett Kavanaugh (Dkt. No. 2). He claims Justice Kavanaugh "has issued 'off the record' direct orders to the 'federal' and 'state' judges 'Gary M. Arnold,' 'Susan Webber Wright,' and 'J. Thomas Ray' to authorize the illegal falsification" of judgments and sentencing orders, which resulted in Mr. Ashley's purportedly unlawful incarceration (*Id.* at 4). He also alleges race played a role in his sentence (*Id.*). Based on the allegations in Mr. Ashley's complaint, it is not apparent that he was in imminent danger at the time he filed his complaint: Mr. Ashley did not allege imminent danger, and the allegations in his complaint otherwise do not indicate that he was in imminent danger. Accordingly, the imminent danger exception does not apply. *Dilworth,* 147 F.3d at 717.

This case will be dismissed due to Mr. Ashley's failure to pay the filing fee. Mr. Ashley will have thirty (30) days to reopen this case by paying the $402 filing fee in full.

It is therefore ordered that:

1. Mr. Ashley's motion to proceed *in forma pauperis* is denied (Dkt. No. 1).

2. Mr. Ashley's complaint is dismissed without prejudice.

3. Mr. Ashley has thirty (30) days from the date of this order in which to reopen this case by paying the $402 filing fee in full.

4.     The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

So ordered this 4th day of December, 2020.

_____
Kristine G. Baker
United States District Judge